NOT DESIGNATED FOR PUBLICATION

Nos. 128,725
128,939

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHARLES M. TORRENCE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID KAUFMAN, judge. Submitted without oral argument. Opinion filed August 14, 2026. Affirmed.

*Charles M. Torrence*, appellant pro se.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before BOLTON FLEMING, P.J., HILL and GARDNER, JJ.

PER CURIAM:  Charles M. Torrence was charged in three separate criminal cases that were consolidated by the agreement of the parties for jury trial. At the conclusion of Torrence's trial, he was convicted of all charges in all three cases.

After his sentencing, Torrence unsuccessfully challenged his convictions and sentence on direct appeal. He also filed three separate motions pursuant to K.S.A. 60-1507 that were denied by the district court and affirmed on appeal.

1

Torrence's latest action in his cases was to file a motion to correct an illegal sentence and a motion for the court to enter nunc pro tunc orders—both of which were denied by the district court and are now the subject of this appeal.

First, we consider Torrence's argument from his motion to correct illegal sentence that because the verdict form only contained one of the three case numbers at issue, the resulting journal entries were erroneous. Second, we consider Torrence's claim that the district court was required to enter a nunc pro tunc order reflecting he did not adequately waive his right to counsel related to a pretrial competency hearing and that five of his convictions were not supported by sufficient evidence.

As to Torrence's first claim, we find that the journal entries reflecting Torrence's crimes of conviction were not erroneous. And as to Torrence's second claim, we find that the purpose of a nunc pro tunc order is to correct mistakes such as arithmetic or clerical errors. A nunc pro tunc order may not be used to address substantive claims such as the arguments raised by Torrence. Finding no error, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Torrence was charged in three separate cases related to a series of armed robberies in Wichita that occurred between January and April 2013. In 13-CR-942, Torrence was charged with attempted aggravated robbery; in 13-CR-1383 with aggravated robbery and criminal possession of a firearm; and in 13-CR-1713 with two counts of aggravated robbery and one count of robbery. The three cases were consolidated for jury trial by agreement of the parties, and a jury found Torrence guilty of all charges. While the verdict form only contained the case number from one case, 13-CR-942, it included the crimes from all three cases. Torrence was sentenced to a total of 725 months in prison between the three cases.

Torrence filed a direct appeal. Relevant to this appeal, Torrence challenged subject matter jurisdiction related to consolidating the three cases for trial. A panel of our court affirmed, finding that Torrence had failed to designate a sufficient record in support of his claims and that on the merits the consolidation process was lawful. The panel affirmed Torrence's convictions and sentences. *State v. Torrence*, No. 114,546, 2017 WL 1535137, at *1-2 (Kan. App. 2017) (unpublished opinion) (*Torrence I*).

In 2020, Torrence filed his first K.S.A. 60-1507 motion which was summarily denied. On appeal, Torrence claimed (1) ineffective assistance of his trial counsel; (2) violation of his right to counsel at a pretrial competency hearing; and (3) prejudice from his direct appeal due to court rules limiting the length of his brief. The panel affirmed. *State v. Torrence*, No. 120,077, 2020 WL 6930802, at *3 (Kan. App. 2020) (unpublished opinion) (*Torrence II*). The panel found that as to Torrence's claim of ineffective assistance of counsel, "This court has recognized that parties cannot use 60-1507 motions to litigate the constitutional adequacy of their legal representation when they have already done so in their direct criminal cases." 2020 WL 6930802, at *2. As to Torrence's second issue, the panel denied relief, finding,

> "He now complains that he was not fully represented at the competency hearing because he had only standby counsel. But Torrence could have raised that complaint in the hearing on his posttrial motions and did not. Moreover, Torrence does not claim he actually was incompetent and has not offered any evidence to support that position." 2020 WL 6930802, at *3.

Finally, the panel denied relief on Torrence's third claim, holding that Torrence could not complain of the brief limitations because he chose to represent himself and therefore was responsible for choosing the contents of his brief to remain within those page limits. 2020 WL 6930802, at *3.

3

Torrence filed another K.S.A. 60-1507 motion in 2022 which the district court summarily denied as conclusory and successive. This court affirmed the district court's denial based on untimeliness. *Torrence v. State*, No. 126,880, 2025 WL 1420126, at *8 (Kan. App. 2025) (unpublished opinion) (*Torrence III*).

Torrence filed a third K.S.A. 60-1507 motion in 2023. The district court found Torrence's claims to be "meritless, untimely, or as not a legal basis for habeas corpus relief." *Torrence v. State*, No. 128,036, 2025 WL 2682263, at *3 (Kan. App. 2025) (unpublished opinion) (*Torrence IV*). The panel agreed that Torrence's K.S.A. 60-1507 motion was untimely and successive, and the panel affirmed. 2025 WL 2682263, at *1.

In February 2023, Torrence filed a motion to correct illegal sentence pursuant to K.S.A. 22-3504. He moved the district court to "correct the sentences imposed upon him which were made illegal by their failure to conform to K.S.A. 22-3426(a)." Torrence alternatively moved the court "to correct clerical mistakes under K.S.A. 22-3504(b) caused by the 18th Judicial District's alteration of the verdicts actually entered in 13 CR 0942." The sum of Torrence's argument was that the verdict form did not reflect the case numbers 13-CR-1383 and 13-CR-1713—only 13-CR-942. But the verdict form did include each of the crimes as charged in all three cases. Torrence asserted that the district court "constructively amended away via the jury instructions and verdict forms by merging them under one criminal complaint (13 CR 0942)." The district court denied the motion, finding the claim had already been considered within Torrence's direct appeal. Torrence appealed.

While that appeal was pending, in October 2023, Torrence filed a request for an order nunc pro tunc, relying on K.S.A. 22-3504(b) and *State v. Andrews*, 5 Kan. App. 2d 678, 623 P.2d 534 (1981). Torrence argued that at his pretrial competency hearing, the district court failed to "determine on [the] record whether Torrence desired to be represented by counsel, nor whether his pro se appearance at such a critical stage was a

4

knowing, intelligent, and voluntary decision he had made." The district court summarily denied his motion, citing the fact that Torrence was foreclosed from raising this issue as he could have done so on direct appeal or through his K.S.A. 60-1507 motions. Torrence filed a notice of appeal.

Torrence's two pending appeals, appellate case Nos. 128,939 and 128,725, have since been consolidated and are before us in this appeal.

ANALYSIS

*Did the District Court Err By Denying Torrence's Claim that the Journal Entries in His Three Cases did not Reflect the Verdict?*

Torrence's first argument on appeal is based on his February 2023 motion to correct an illegal sentence. Torrence alleges that his sentences were illegal "by their failure to conform to K.S.A. 22-3426(a)." Torrence's second, related argument is that the trial court "altered" the verdicts by only listing case number 13-CR-942 on the verdict form rather than the district court case numbers from all three consolidated cases. Torrence believes the district court is required under K.S.A. 22-3504(b) to correct these errors within the journal entries of judgment in each case.

*Standard of Review*

Both of Torrence's sub-issues concern statutory interpretation. Statutory interpretation presents a question of law over which appellate courts have unlimited review. *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024).

5

*Discussion*

Torrence's first argument is that the journal entries from the district court fail to conform to K.S.A. 22-3426(a) and as a result, his sentences were illegal. On appeal, Torrence no longer alleges that his sentence is illegal but instead that the district court is required to correct the erroneous journal entries through a nunc pro tunc order in each case.

K.S.A. 22-3426(a) provides:

"When judgment is rendered or sentence of imprisonment is imposed, upon a plea or verdict of guilty, a record thereof shall be made upon the journal of the court, reflecting, if applicable, conviction or other judgment, the sentence if imposed, and the commitment, which record among other things shall contain a statement of the crime charged, and under what statute; the plea or verdict and the judgment rendered or sentence imposed[.]"

We find no merit to Torrence's argument that the district court must correct its journal entries. Nothing in the plain language of K.S.A. 22-3426(a) requires a verdict form to list every case number from a consolidated trial. "When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words." *State v. Keys*, 315 Kan. 690, 698, 510 P.3d 706 (2022). K.S.A. 22-3426(a) provides the information to be contained in the journal entry of judgment and does not impose formatting or content requirements for verdict forms. Accordingly, the omission of the additional case numbers on the verdict form does not establish that the journal entries contain a clerical error requiring correction.

As to Torrence's second sub-issue, he argues that the trial court altered the verdicts by only listing case number 13-CR-942 on the verdict form. We note that K.S.A. 22-3203

6

states, "[t]he court may order two or more complaints, informations or indictments against a single defendant to be tried together if the crimes could have been joined in a single complaint, information or indictment." Torrence agreed to consolidation of his three cases for trial. The verdict form correctly contained each crime from each case. The journal entries in each case correctly identify the crimes of conviction and Torrence's sentence. Torrence cites no legal authority requiring the verdict form from a consolidated trial to identify each underlying case number. "Failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue." *State v. Meggerson*, 312 Kan. 238, 246, 474 P.3d 761 (2020).

The district court had no obligation under K.S.A. 22-3504(b) to correct any clerical error related to the verdict form or journal entries.

*Did the District Court Err in Denying Torrence's Motion for Nunc pro Tunc Orders?*

Torrence's second issue is based on his October 2023 request for an order nunc pro tunc which was denied by the district court. On appeal, Torrence maintains the district court failed to "determine on [the] record whether Torrence desired to be represented by counsel, nor whether his pro se appearance at such a critical stage was a knowing, intelligent, and voluntary decision he had made." Torrence believes that K.S.A. 22-3504(b) requires the district court to use a nunc pro tunc order to correct prior orders in his cases related to his waiver of his right to counsel within a pretrial competency hearing.

Torrence also argues for the first time on appeal that there was insufficient evidence to support five of his convictions. Torrence claims he is not seeking substantive relief on this issue; rather, he seeks correction of the journal entries related to those crimes through nunc pro tunc orders.

7

*Standard of Review*

Torrence's requests for nunc pro tunc orders were made pursuant to K.S.A. 22-3504(b), which addresses the propriety of nunc pro tunc orders to address clerical errors in journal entries. Resolving Torrence's claim involves statutory interpretation. "[S]tatutory interpretation is a question of law over which [appellate courts] have unlimited review." *Daniels*, 319 Kan. at 342.

*Discussion*

Our analysis of Torrence's claims begins with a review of K.S.A. 22-3504(b):

"(b) Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders."

The limited purpose of a nunc pro tunc order has been clearly described by the Kansas Supreme Court:

"A nunc pro tunc order may not be made to correct a judicial error involving the merits, or to enlarge the judgment as originally rendered, or to supply a judicial omission, or an affirmative action which should have been, but was not, taken by the court, or to show what the court should have decided, or intended to decide, as distinguished from what it actually did decide. The power of the court is limited to making the journal entry speak the truth by correcting clerical errors arising from oversight or omission and it does not extend beyond such function." *Book v. Everitt Lumber Co., Inc.*, 218 Kan. 121, 125, 542 P.2d 669 (1975).

More recently, the Kansas Supreme Court considered the limited role of a nunc pro tunc order in *State v. Turner*, 317 Kan. 111, 115, 525 P.3d 326 (2023), where a prisoner's challenge to sentencing journal entries was based on his belief the Kansas Department of Corrections had incorrectly aggregated his sentences. The court found that

8

Turner's claim did not involve arithmetic or a clerical error arising from oversight or omission. "Turner's argument, while framed as a request for amendment of the journal entries by nunc pro tunc order, is merely another attempt to challenge the legality of his sentence." 317 Kan. at 115.

Here, both of Torrence's claims ask for substantive relief—not the correction of a clerical error. Notwithstanding the fact a panel of our court has already addressed the merits of Torrence's claim he did not adequately waive his right to counsel during his pretrial competency hearing in *Torrence II*, 2020 WL 6930802, at *3, such an argument is beyond the scope of K.S.A. 22-3504(b). Torrence's claim that he did not knowingly and voluntarily waive his right to counsel is based on an alleged violation of the right to counsel guaranteed by the Sixth Amendment to the United States Constitution. An alleged constitutional violation cannot be characterized as a clerical error.

Similarly, challenging the sufficiency of evidence supporting five of Torrence's convictions is beyond the scope of K.S.A. 22-3504(b). A challenge to the sufficiency of evidence supporting a conviction requires an appellate court to "review the evidence in a light most favorable to the State to determine whether a rational factfinder could have found the defendant guilty beyond a reasonable doubt." *State v. Potts*, 304 Kan. 687, 694, 374 P.3d 639 (2016). This is undoubtedly a substantive determination, reaching far beyond the correction of arithmetic or clerical errors. See *Turner*, 317 Kan. at 113. The district court did not err in denying Torrence's motion for nunc pro tunc orders.

Affirmed.